IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM M. WEISHAMPEL, | Case No. 6:18-cv-00429-AA |
| Plaintiff, | **OPINION & ORDER** |
| vs. | |
| CIRCLE OF CHILDREN; CAROLINA ALLEN; THOMAS PRICE; CHARLES COXON | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff William M. Weishampel filed this suit *pro se* and *in forma pauperis* against defendants Circle of Children, a nonprofit organization, and its board members Thomas Price, Carolina Allen, and Charles Coxon. Plaintiff held many positions at Circle of Children, including caretaker, executive director, and board member. Plaintiff alleges that defendants wrongfully terminated him from those positions.

Circle of Children, now known as Triangle Lake Center ("TLC"), moves to dismiss plaintiff's claims. For the reasons stated below, the Motion to Dismiss (doc.

Page 1 – OPINION & ORDER

57) is GRANTED in part and DENIED in part. Additionally, plaintiff is ordered to amend the Complaint to include the changes he asked for the Court's leave to make in his motions to amend (docs. 19-21).

## LEGAL STANDARDS

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the [c]omplaint[.]" *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, courts should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

TLC's Motion asserts that the Complaint should be dismissed because (1) the claims are time barred; (2) plaintiff fails to state a claim upon which relief can be

granted; and (3) the Court lacks subject matter jurisdiction over the claims under Rule 12(b)(1).

I. *Subject Matter Jurisdiction*

The Court will consider TLC's Rule 12(b)(1) motion separate from its Rule 12(b)(6) motions. Subject matter jurisdiction grants power to federal courts to hear a case and can never be waived or forfeited. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Courts may consider subject matter jurisdiction at any time *sua sponte*. *Id*. Federal subject matter jurisdiction must be based upon either the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

A. *Federal Question*

To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or federal statutory provision. 28 U.S.C. § 1331; *Franchise Tax Ed. v. Construction Laborers*, 463 U.S. 1, 27-28 (1983).

In this case, plaintiff cites multiple federal statutes as bases for federal question jurisdiction. However, many of the statutes cited are criminal statutes that allow the United States government to prosecute individuals for committing criminal acts. *See* Compl. Ex. at 1 (citing 18 U.S.C. § 1028; 18 U.S.C. § 1708; 18 U.S.C. § 2292; 18 U.S.C. § 1622; 10 U.S.C. § 929, Art. 129; 18 U.S.C. § 1623; 18 U.S.C. § 2319(b); 25 C.F.R. § 11.401; 25 C.F.R. § 11.429; 43 C.F.R. § 9269.3). These federal criminal statutes do not generally provide a private right of action. *See Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994).

Plaintiff also asserts a claim for "wrongful disclosure of individually identifiable health information" under 42 U.S.C. § 1320(d)(6). Compl. Ex. 1 at 1. Section 1320(d)(6) is a Social Security statute and does not address disclosure of sensitive health information.

Next, plaintiff asserts a defamation claim under 28 U.S.C. § 4101, which is a definition section for a chapter of the United States Code about foreign judgments. Section 4101 does not provide a cause of action for defamation.

Finally, Plaintiff asserts a copyright claim under 17 U.S.C. § 501, which provides a cause of action for copyright infringement. *Id.* To state a claim for copyright infringement, a plaintiff must show that they are the legal or beneficial owner of the exclusive right under a copyright. 17 U.S.C. § 501(b). Plaintiff has not alleged facts demonstrating that he is the owner of a legal copyright, nor do the facts of this case suggest that any copyright issues are implicated. Therefore, plaintiff has failed to state a copyright claim. Because plaintiff has failed to state a federal claim, the Court concludes that there is no basis for subject matter jurisdiction based on a federal question.

### B. *Diversity Jurisdiction*

To establish diversity jurisdiction, a plaintiff must show that the parties are domiciled in different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). An individual is domiciled in a state where the person has established a "fixed habitation or abode in a particular place, and [intends] to remain

there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Domicile is established at the time at which the lawsuit is filed. *Id.*

The Complaint asserts diversity as the basis for this Court's jurisdiction. Plaintiff states that the amount in controversy is $1,204,016, which exceeds the $75,000 requirement. Plaintiff's allegations also establish that he was a resident of California at the time of filing as he used a California address for his mailing address in the Complaint. Plaintiff alleges that the individual defendants are residents of Oregon and that TLC is a nonprofit incorporated and based in Oregon. Plaintiff's allegations are therefore sufficient to establish diversity jurisdiction.

## II. *TLC's Untimely 12(b)(6) Motions*

Under Federal Rule of Civil Procedure 12, a motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Rule 12(b) motions filed after an answer are considered untimely. *Aetna Life Ins. Co. v. Alla Med. Serv.*, 855 F.2d 1470, 1474 (9th Cir. 1988). A motion to dismiss filed after an answer is treated as a motion for judgment on the pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (citation and quotation marks omitted).

Accordingly, "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quotation marks omitted).

TLC filed its Answer (doc. 23) in June 2018 and then filed this Motion to Dismiss in April 2019. Because TLC filed this Motion after filing its Answer, the Motion to Dismiss will be considered as a motion for judgment on the pleadings.

### A. *Statute of Limitations*

TLC asserts that the Complaint is untimely because the statute of limitations expired before the plaintiff filed his complaint. This motion is relevant only to the wrongful termination claim. A wrongful termination claim must be brought within a year of the termination date, whereas the other claims raised by plaintiff have longer statutes of limitations. *See* ORS §§ 12.080 (six year limitations period for most contract claims), 12.110(1) (two year limitations period for most tort claims), 65.167(4) (one year limitations period for wrongful termination claims).

A statute of limitations defense may be raised in a motion to dismiss if "the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir.1995).

There is a dispute as to when plaintiff was actually terminated. The board initially terminated plaintiff on February 5, 2017, but defendant Carolina Allen stated in her Answer (doc. 24) that this removal was "not legal". The board, with the help of an attorney, then conducted a second termination hearing on March 24, 2017, where the board voted to "remove [plaintiff]...from the Board as president as well as executive director (doc. 24)." This creates two possible dates of termination, only one of which falls outside of the statute of limitations. As previously noted, a motion to dismiss for the running of a statute of limitations can only be sustained if the running of a statute is apparent on the face of the complaint. *See Supermail Cargo, Inc.*, 68 F.3d at 1207. Because both the plaintiff and defendants recognize a dispute over the operative date of termination in other pleadings, the motion is DENIED.

### B. *Failure to State a Claim*

TLC also moves to dismiss plaintiff's claims for failure to state a claim. Plaintiff's federal claims are all dismissed, as discussed above, and so the Court considers whether plaintiff has adequately alleged any state law claim. Plaintiff's Complaint is not entirely clear, but the Court understands that it alleges claims for (1) breach of contract; (2) wrongful termination; (3) breach of fiduciary duty; and (4) intentional infliction of emotional distress. The Court concludes that plaintiff has failed to adequately plead his state law claims and so TLC's motion for judgment on the pleadings for failure to state a claim is GRANTED. However, as discussed in the following section, plaintiff will be given leave to file an amended complaint to remedy the deficiencies in these pleadings.

1.  *Breach of Contract*

Plaintiff alludes to breach of contract regarding his positions as caretaker and independent contractor for the organization. To plead a breach of contract claim, a plaintiff must demonstrate (1) the existence of a contract; (2) the relevant terms of the contract; (3) plaintiff's full performance and lack of breach; and (4) defendant's breach resulting in damage to plaintiff. *Dynamic Measurement Group, Inc. v. Univ. of Or.*, 121 F.Supp.3d 1047, 1060 (D. Or. 2015).

The Complaint, as currently pleaded, does not elaborate on any terms of the contract relevant to the issue at hand, nor does it explain which terms TLC breached by terminating plaintiff's positions at the nonprofit. The Complaint also does not demonstrate that plaintiff fully performed the terms of the contract. Plaintiff does allege that TLC's breach led to damages through loss of housing and wages but fails to provide information for the other necessary elements. Therefore, the Court concludes plaintiff has failed to state a claim for breach of contract.

2.  *Wrongful Termination*

Plaintiff asserts that he was wrongfully terminated from his positions at TLC. In order to bring a wrongful termination claim, there must be a discharge and it must be wrongful. *Moustachetti v. Oregon*, 319 Or. 319, 324 (1994). In general, an employee may be terminated for any reason, "absent a contractual, statutory or constitutional requirement[.]" *Babick v. Or. Arena Corp.*, 333 Or. 401, 407 n. 2 (2002). Wrongful termination can also occur where the employee was discharged for "exercising a job-related right of important public interest" or where the employee

was "complying with a public duty." *Whitley v. City of Portland*, 654 F.Supp.2d 1194, 1223 (D. Or. 2009).

Plaintiff has not alleged any facts that suffice any of these theories of wrongful termination. Therefore, plaintiff has failed to state a wrongful termination claim.

### 3. *Breach of Fiduciary Duty*

Plaintiff asserts that TLC owes him a higher duty of care because of his involvement on the board and in the community, and therefore the Court interprets a claim for breach of fiduciary duty. A fiduciary duty exists where there has been a "special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing the confidence." *Bennett v. Farmers Ins. Co. of Or.*, 150 Or. App. 63, 80 (1997). To recover for breach of fiduciary duty, a plaintiff must prove (1) the existence of a special fiduciary relationship between the parties; (2) a breach of the duties arising from the relationship; and (3) damage resulting from said breach. *Giuliano v. Anchorage Advisors, LLC*, 19 F.Supp.3d 1087, 1103 (D. Or. 2014).

Here, plaintiff has failed to demonstrate what special relationship is owed to plaintiff and what duties TLC breached. Therefore, plaintiff has failed to state a claim for breach of fiduciary duty.

### 4. *Intentional Infliction of Emotional Distress*

Finally, plaintiff alleges that he suffered great community and financial loss because TLC removed him from his positions and refused mediation requested by members of the community, which the Court interprets as a claim for intentional

infliction of emotional distress ("IIED"). When analyzing an IIED claim, courts consider whether (1) defendant intended or were substantially certain that their actions would cause severe emotional distress; (2) defendant's conduct was "extraordinarily beyond the bounds of socially tolerable behavior"; and (3) defendant's conduct did in fact cause plaintiff severe emotional distress. *House v. Hicks*, 218 Or. App. 348, 357-58 (2008). Determining whether the defendant's conduct is beyond the bounds of socially tolerable behavior is a question of law for courts to resolve. *Tenold v. Weyerhauser Co.*, 127 Or. App. 511, 513 (1994).

While plaintiff does allege that TLC's board was incorrect in the manner of his termination, the termination alone and lack of communication afterward does not constitute an "extraordinary transgression" from how any other entity would treat a terminated employee. Plaintiff has therefore failed to state a claim for IIED.

## III. *Plaintiff is Ordered to Amend the Complaint*

Plaintiff previously filed a series of Motions to Amend (docs. 18-21). The Court granted the motions and ordered plaintiff to file an Amended Complaint (doc. 33). The Court then vacated all deadlines (doc. 37) to allow the parties to engage in settlement negotiations. The Court ordered the parties to inform the Court whether new case deadlines should be set.

TLC's Motion demonstrates that the parties did not settle, and that TLC wishes to proceed with litigation. However, the parties did not inform the Court that new deadlines should be set. Accordingly, plaintiff is ordered to file an amended complaint to include the changes requested in his previous motions.

Plaintiff should also amend the Complaint to correct the deficiencies in his claims, as addressed in the previous section. Many of the deficiencies in plaintiff's state law claims could easily be remedied by the allegation of additional facts. Federal Rule of Civil Procedure 15 provides that courts should be liberal in granting leave to amend, especially when the plaintiff is *pro se*. Fed. R. Civ. P. 15(a)(2); *Karim-Panahi*, 839 F.2d at 623.

Accordingly, dismissal of plaintiff's complaint shall be with leave to amend. Plaintiff shall have thirty (30) days in which to file an amended complaint.

## CONCLUSION

For the reasons set forth above, defendant TLC's motion to dismiss for lack of jurisdiction is DENIED. Defendant TLC's Motion to Dismiss, which the Court interprets as a motion for judgment on the pleadings, is GRANTED in part and DENIED in part. Plaintiff is ordered to file an amended complaint to incorporate the changes he requested in his motions to amend, as well as to address the issues brought up in this Opinion and Order. Plaintiff shall have thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal.

IT IS SO ORDERED.

Dated this 19th day of September 2019.

_____
ANN AIKEN
United States District Judge