IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM WEISHAMPEL,

    Plaintiff,

vs.

CIRCLE OF CHILDREN, et al.,

    Defendants.

Case No. 6:18-cv-00429-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff William M. Weishampel filed this suit *pro se* and *in forma pauperis* against his former employer and its board members. After the Court granted defendants' Motion to Dismiss (doc. 57) in part and granted plaintiff leave to amend his complaint, plaintiff filed an Amended Complaint (doc. 64), and defendants filed answers (docs. 65, 66, 67, 68). Then, on January 29, 2020, the Court entered a Scheduling Order (doc. 69), which was mailed to plaintiff. Plaintiff's copy of the scheduling order was returned as undelieverable on February 12, 2020. Doc. 71.

Since then, no party has taken action in this case or contacted the Court. On February 3, 2021, the Court issued a Show Cause Order (doc. 72) to plaintiff, ordering him

> to notify the Clerk of his changed mailing address or to show cause in writing why the mailed copy of Court's Scheduling Order, [doc.] 69, was returned as undeliverable [doc.] 71 and why this case should not be dismissed for failure to prosecute. *See* Local Rule of Civil Procedure 83-12. The Notice of Address Change or Show Cause is Writing is due by 2/17/2021. Failure to submit the Notice or respond to this order will result in dismissal of this action.

Doc. 72. The mailed copy of the Order was returned as undelieverable on February 16, 2021, doc. 73, and plaintiff has not responded to the Order in any way.

Local Rule 83-12 provides:

> When the Court sends mail to the last known address of an attorney of record or unrepresented party, and the postal service returns the mail as undeliverable because the attorney or party has failed to notify the Clerk of a changed address, and the failure to notify the Clerk of the change of an address continues for 60 days, then the Court may strike appropriate pleadings, enter a default, or dismiss the action.

Here, plaintiff has failed to notify the Clerk of his changed address for over a year.

Moreover, plaintiff failed to prosecute this action for over a year and failed to comply with the Court's February 3, 2021, Show Cause Order. Federal courts possess inherent authority to control their dockets and dismiss a case that a plaintiff fails to prosecute. *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Federal Rule of Civil Procedure 41(b) also allows for dismissal for failure to prosecute or comply with a court order. Courts may order dismissal for failure to prosecute upon a motion by a defendant or upon the court's own motion. *See Ash v. Cvetkov*, 739, F.2d 493, 496 (9th Cir. 1984). "[D]ismissal of failure to prosecute is

particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Gierloff v. Ocwen*, No. 6:15-cv-01311-MC, 2017 WL 815118, at *1 (D. Or. Mar. 1, 2017) (citation omitted).

To determine whether to dismiss for failure to prosecute or comply with a court order, courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831.

Here, the public has an interest in the expeditious resolution of this case, and plaintiff's failure to pursue this case takes time from the Court's ability to manage the other cases on its docket. There does not appear to be any risk of prejudice to defendants, who have also failed to participate in this action for over a year. Though public policy favors disposition of cases on their merits, public policy does not favor cases languishing on a court's docket due to a plaintiff's refusal to comply with court rules and orders. Finally, the Court tried a less drastic alternative, by providing plaintiff with the opportunity to send a Notice of Address Change or explain his delay while warning him that failure to comply with the Court's order would result in dismissal. Plaintiff failed to take advantage of this alternative. Under the circumstances, it is well within the Court's discretion to dismiss for failure to prosecute.

Pursuant to the Court's Show Cause Order (doc. 72), Rule 41(b), and Local Rule 83-12, this action is DISMISSED without prejudice. A judgment shall be entered accordingly.

IT IS SO ORDERED.

Dated this  18th  day of February 2021.

/s/Ann Aiken

Ann Aiken
United States District Judge