IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| WILLIAM WEISHAMPEL, | Case No. 6:18-cv-00429-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CIRCLE OF CHILDREN, now known as TRIANGLE LAKE CENTER; CAROLINA ALLEN; THOMAS PRICE; CHARLES COXON; ASHLEY BURRIS; DOES 1 through 10; ROE CORP 2 through 20, | |
| Defendants. | |

AIKEN, District Judge:

Plaintiff was a member of the board of directors for Defendant Circle of Children, which voted to remove him from the board in 2017. This case involves Plaintiff's Motion to Set Aside the Court's Judgment dismissing his case without prejudice after Plaintiff failed to respond to the Court's Order to Show Cause under

Page 1 – OPINION AND ORDER

Local Rule of Civil Procedure 83-12. *See* ECF No. 78 ("Mot. to Set Aside"), ECF No. 75 ("Judgment"); and ECF No. 72 ("Order to Show Cause" or "order"). For the reasons explained below, Plaintiffs Motion, ECF No. 78, to Set Aside is DENIED.

## BACKGROUND

Plaintiff, who is *pro se* and proceeding *in forma pauperis* ("IFP"), filed his Complaint on March 12, 2018. In April 2018, the Court granted Plaintiff leave to proceed IFP. ECF No. 7. Plaintiff alleged that Defendants, Circle of Children and its individual board members, had wrongfully removed Plaintiff as a board member on February 5, 2017. ECF No. 1, Ex. 1 at 3. Plaintiff alleged that in doing so, Defendants failed "to honor the greater community" and asserted that Defendants were required to reimburse him for a $100,000 loan that [he provided] to Circle of Children in 2012. *Id*. at 4. Plaintiff alleged that the board's actions violated an array of federal criminal and civil statutes including perjury, fraud, theft, burglary, reckless endangerment, defamation, and copyright infringement.

Defendants timely filed their Answers, ECF Nos. 22, 23, 24, 25, and Defendant Circle of Trust filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim under Federal Rule of Civil Procedure 12(b). ECF No. 57. Around that time, Plaintiff filed several motions seeking leave to amend is Complaint. ECF Nos. 18, 19, 20, 21. The Court issued an Opinion and Order granting in part and denying in part Defendants motion, explaining that jurisdiction was proper but that Plaintiff had failed to state a claim. ECF No. 60. The Court ordered Plaintiff to file an Amended Complaint by October 21, 2019. *Id*. Plaintiff failed to file an Amended Complaint by

the deadline. On November 13, 2019, Plaintiff asked the Court for more time. ECF No. 61. The Court granted the motion and Plaintiff filed his Amended Complaint on December 12, 2019. ECF No. 64. Defendants timely answered.

Then, on January 29, 2020, the Court entered a Scheduling Order, ECF No. 69, which was mailed to Plaintiff. Plaintiff's copy of the scheduling order was returned on February 12, 2020 as "[r]eturn to sender attempted – not known unable to forward. ECF No. 71. No party took any action. Nearly one year following no action from Plaintiff, on February 3, 2021, the Court issued a Show Cause Order, ECF No. 72, to Plaintiff, ordering him

> to notify the Clerk of his changed mailing address or to show cause in writing why the mailed copy of Court's Scheduling Order, [doc.] 69, was returned as undeliverable [doc.] 71 and why this case should not be dismissed for failure to prosecute. See Local Rule of Civil Procedure 83-12. The Notice of Address Change or Show Cause is Writing is due by 2/17/2021. Failure to submit the Notice or respond to this order will result in dismissal of this action.

ECF No. 72. The mailed copy of the Order was returned as undeliverable on February 16, 2021, ECF No. 73, and Plaintiff did not respond to the Order in any way. After one year, on February 18, 2021, the Court issued an Opinion and Order dismissing the action, explaining that Local Rule 83-12 provides:

> When the Court sends mail to the last known address of an attorney of record or unrepresented party, and the postal service returns the mail as undeliverable because the attorney or party has failed to notify the Clerk of a changed address, and the failure to notify the Clerk of the change of an address continues for 60 days, then the Court may strike appropriate pleadings, enter a default, or dismiss the action.

ECF No. 74 at 2. Though Local Rule 83-12 requires an unrepresented party to notify the Clerk of an address change before the expiration of 60 days, the

Court found that Plaintiff had "failed to notify the Clerk of his changed address for over a year[,]" and that Plaintiff "failed to prosecute this action for over a year and failed to comply with the Court's February 3, 2021, Show Cause Order." *Id*.

Now, two years passed before Plaintiff took any action in his case. Two years after his last contact with the Court in December 2019, and 364 days after the Court entered Judgement, on February 17, 2022, Plaintiff filed a Motion to Set Aside the Opinion and Order and the Court's Judgment (Mot. to Set Aside), under Rule 60(b)(1) and (b)(6).

## LEGAL STANDARDS

The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). FED. R. CIV. P. 55(c). Rule 60 allows courts to set aside a judgment under six grounds, two of which Plaintiff contends apply here. "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ... [or] (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (b)(6).

Under Rule 60(b)(1), the determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002); *Briones v. Riviera Hotel &*

*Casino,* 116 F.3d 379, 381 (9th Cir. 1997). The determination of what conduct constitutes "excusable neglect" under Rule 60(b)(1) and similar rules "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394-395 (1993).

Rule 60(b)(6) allows a party to seek relief from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). It is "to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). "[R]elief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its interests." *Id.* "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice." *Id.* "To demonstrate the type of extraordinary circumstances required to justify relief under Rule 60(b)(6), it must generally be that 'the movant is completely without fault for his predicament; that is, the movant was unable to take any steps that would have resulted in preventing the judgment from which relief is sought.'" *Bondick v. Khalsa*, Case No.: 6:18-cv-02122-MK, 2020 WL 3799194, at *2 (D. Or. July 7, 2020) (quoting *Taylor v. Chevrolet Motor Div. of Gen. Motors Corp.*, CIV.A. 97-2988, 1998 WL 288434, at *3 (ED Pa June 3, 1998).

## DISCUSSION

According to Plaintiff, he meets the element of "surprise" and "excusable

Page 5 – OPINION AND ORDER

neglect" under Rule 60(b)(1). To support his contention of "surprise," Plaintiff maintains that the reason he did not respond to the Court's February 3, 2021 Order to Show Cause was because he was in jail. Mot. to Set Aside at 4. Plaintiff explains that "even if Plaintiff had a home or other address on file with Court to which the notice of the [Order] could have been deliverable, Plaintiff would never have been able to receive the [Order] notice in time and respond by February 17, 2021 because he was just taken into custody in Nevada" on January 28, 2021 until February 25, 2021. *Id.*; Weishampel Decl. at 1, ECF No. 79.

Plaintiff's argument concerning "surprise" appears to be grounded in his lack of notice—that is, that because he was in jail, he was not able to receive notice of the Order to Show Cause with time to respond or be heard before entry of Judgment. Plaintiff was in custody for a single month, and possibly less, between January 2021 and February 2021. The Court acknowledges that Plaintiff could not have responded while in physical custody. However, Rule 60(c)(1) explains that "[a] motion under Rule 60(b) must be made within a *reasonable time*," and that, for motions under Rule 60(b)(1), "no more than a year after the entry of the judgment or order." FED. R. CIV P. 60(c)(1) (Emphasis added). Here, Plaintiff filed his motion with one day remaining in the one-year-limit to do so. While Plaintiff's motion was filed within the outermost confine of the Rule, the Court finds that it was not made within a "reasonable time." The record establishes that Plaintiff was familiar with and benefited from the Court's authority to provide extra time for filings, even after the time to file had passed, and Plaintiff does not explain why he did not file a Motion to Set Aside during the eleven

Page 6 – OPINION AND ORDER

months following his return from custody.

Therefore, the Court finds Plaintiff's argument concerning "surprise" unavailing, where, at this point, he took no action in his case for two years, including one year leading up to the Court's entry of Judgment. As Defendants point out, this is not an instance where a party adversarial to Plaintiff filed a motion for default, catching Plaintiff unaware—this is Plaintiff's case in which he has not participated. Defs.' Resp. at 6, ECF No. 84. Plaintiff's prolonged, two-year inactivity in his own case weighs against his argument that it is the element of surprise which entitles him to relief.

Next, Plaintiff maintains that relief is appropriate due to "excusable neglect." Noted above, the Court must weigh four factors to determine whether Plaintiff's neglect is excusable, taking account of all relevant circumstances surrounding the party's omission. *Laurino*, 279 F.3d at 753; *Pioneer*, 507 U.S. at 395.

The Court finds that Defendants, the non-moving party, will be not unfairly prejudiced should the judgment be set aside. Prejudice to a non-moving party "must result in greater harm than simply delaying resolution of the case[,] [r]ather, the standard is whether [the nonmovant's] ability to pursue his claim will be hindered." *FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084 (D. Ariz. 2009) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F3d 691, 701 (9th Cir 2001). Here, though Defendants are correct in pointing out the difficulty of litigating facts and finding witnesses for actions which took place over five years ago, such will not likely harm Defendant's ability to defend against Plaintiff's claims on the merits.

However, this fact does factor into the Court's analysis below.

The Court finds that the "length of the delay and its potential impact on the proceedings" is significant. *Laurino,* 279 F.3d at 753. The length of the delay from the Court's entry of Judgment until Plaintiff filed his motion is one year, less one day. Shorter delays have been found to be unreasonable. *See Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (upholding denial of 60(b) motion filed more than thirty days after judgment). Further, Plaintiff' allowed his case to languish for two years before taking any action. The Court finds that Plaintiff's two years of inactivity (albeit, one year of inactivity between entry of Judgment and Plaintiff's motion) impacts the proceedings for the reasons Defendants point out concerning the difficulty of locating witnesses, documents, and recalling details that occurred over five years ago, in 2017, during the incidents underlying the lawsuit.

Next, the Court finds that Plaintiff has not provided a satisfactory explanation for the "reason for the delay." *Laurino*, 279 F.3d at 753. He asserts that the cost of litigation prohibited his participation, but the record shows that Plaintiff was granted IFP status and had actively participated in his case without the assistance of counsel up until he effectively abandoned it. Plaintiff also generally refers to "the COVID pandemic financial downturn." Weishampel Decl. at 2. Plaintiff does not explain what financial burden he faced in pursuing his case. He does not claim that his health was impacted by COVID-19. In his briefing, he argues that the "pandemic environment" caused litigation to "pause[]," and that litigation was "still queueing" because of COVID. The United States District Court Statistics from the District of

Oregon belie that assertion: In the year 2019, 2,107 civil cases were filed; in the year 2020, 2,279 civil cases were filed—up from 2019—and in the year 2021, 1,919 civil cases were filed—hardly a pause from litigation commenced in prior years. Plaintiff points to no other factors beyond his control that prevented him from prosecuting his case.

Finally, the Court determines that Plaintiff did not act in bad faith. However, his neglect in his case was inexcusable, under all the circumstances involved. *See Briones,* 116 F.3d at 382 n. 2 ("we will ordinarily examine all of the circumstances involved rather than holding that any single circumstance in isolation compels a particular result regardless of the other factors."). Accordingly, Plaintiff has not shown that he is entitled to relief under Rule 60(b)(1).

Alternatively, Plaintiff contends he is entitled to relief under Rule 60(b)(6) because Plaintiff could not have taken any steps to respond to the Court's February 3, 2021 Order to Show Cause "because he was in jail without the possibility of notice of the [order] during the entire response period." Mot. to Set Aside at 5. As the Court has discussed, the record demonstrates that Plaintiff had before moved for leave to file after ordered deadlines had passed—he had benefited from the Court's leniency on several occasions. He does not explain why, after he was released from custody, he waited an additional eleven months before requesting relief. Rule 60(b)(6) allows a party to seek relief from a final judgment "where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Alpine Land & Reservoir Co.,* 984 F.2d at 1049. Plaintiff has not pointed

Page 9 – OPINION AND ORDER

to any facts which show that circumstances "beyond [his] control" prevented his action in his case. *Id*.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Set Aside the Court's Order and Judgment, ECF No. 78, is DENIED.


IT IS SO ORDERED.

Dated this 23rd day of September 2022.


　　　　　　　　　　　　／s/Ann Aiken　　　　

　　　　　　　　　　Ann Aiken
　　　　　　　United States District Judge

Page 10 – OPINION AND ORDER